UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CEDRIC B. CLERK, JR. )
)
        Petitioner, )
)
v. ) No. 4:16 CV 401 SNLJ/DDN
)
JAY CASSADY, )
)
)
        Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the court's own motion upon review of the file. This matter has been referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).

## I. BACKGROUND

Petitioner Cedric B. Clerk, Jr., has moved to stay the litigation of his petition for a writ of habeas corpus for thirty days past the Missouri Supreme Court's decision on his motion for reconsideration now pending before it. (ECF No. 4.) Petitioner was found guilty of one count of murder in the first degree and one count of armed criminal action after a jury trial. He was sentenced to life without the possibility of parole on December 9, 1999. (ECF No. 1-3.)

On June 25, 2012, the Supreme Court held in Miller v. Alabama, 132 S. Ct. 2455 (2012), that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile violates the Eighth Amendment to the United States Constitution. 132 S. Ct. at 2460.

On June 14, 2013, petitioner filed a petition for a writ of habeas corpus before the Missouri Supreme Court, arguing that under Miller and Missouri law he is entitled to the vacation of his convictions and resentencing under a charge of second degree murder, because there is no lawful sentencing for a juvenile for a charge of first degree murder in Missouri. (ECF No. 4 at ¶ 3.) On January 27, 2016, the Supreme Court decided Montgomery v. Louisiana, holding that the principle articulated in Miller should be applied retroactively. Montgomery, 136 S. Ct. 718, 736 (2016).

On March 15, 2016, the Missouri Supreme Court sustained, in part, petitioner's petition, ordering him to be eligible for parole after serving 25 years' imprisonment. (ECF No. 1-5.)

On March 24, 2016, petitioner filed this federal petition in order to preserve his access to habeas relief in this court. (ECF No. 4 ¶ 5.)

On March 30, 2016, petitioner filed a motion for rehearing with the Supreme Court of Missouri under Rule 84.17. (ECF No. ¶ 6.)

On June 21, 2016, petitioner then filed this motion to stay these federal habeas corpus proceedings, pending the outcome of his motion for reconsideration before the Missouri Supreme Court. (ECF No. 4 ¶ 7–12.)

On July 1, 2016, a response to the federal habeas petition was filed, arguing that the federal petition for a writ of habeas corpus should be denied. (ECF No. 5.)

On July 13, 2016, Missouri Senate Bill 590 was signed into law repealing and replacing Missouri Revised Statutes 565.020, 565.030, 565.032, and 565.040 with 558.047, 565.020, 565.030, 565.032, 565.034, and 565.040. S.B. 590, 98th Gen. Assemb., Reg. Sess. (Mo. 2016).

On July 19, 2016, the Missouri Supreme Court issued a summary order overruling its previous March 15, 2016 order, denying as moot his pending motion for rehearing and any other pending motion, citing the recently enacted Missouri Senate Bill 590.[1]

## II. MISSOURI SENATE BILL 590

Missouri Senate Bill 590 repeals and replaces several provisions of Missouri law relating to the sentencing of first degree murder, including the sentencing options for juveniles convicted of first degree murder.

> (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047. 1. (1) (2016).

The enactment of this specific provision was effective immediately upon its passage by the Missouri Legislature and approval by the Governor of Missouri.

---

[1] The undersigned takes judicial notice of the information found on the Missouri Courts case website, Case.net, http://www.courts.mo.gov/casenet/.

> Because of the need to adopt a punishment scheme for first degree murders of a certain age after the United States Supreme Court declared as unconstitutional the only punishment available under Missouri law for such offenders, the repeal and reenactment of section 565.020 and the enactment of sections 558.047 . . . is deemed necessary for the immediate preservation of the public health, welfare, peace and safety, and is hereby declared to be an emergency act within the meaning of the constitution . . . shall be in full force and effect upon its passage and approval.

S.B. 590, 98th Gen. Assemb., Reg. Sess. (Mo. 2016).

### III. ORDER

Therefore, due to the developments in Missouri statutory law and the Missouri Supreme Court's decision to overrule petitioner's state court proceedings,

**IT IS HEREBY ORDERED** that petitioner's motion for stay and abeyance (ECF No. 4) is **DENIED without prejudice** as moot.

**IT IS FURTHER ORDERED** that both parties submit supplemental briefs no later than August 14, 2016 on the effect on petitioner's case of the passage of Missouri Senate Bill No. 590.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 22, 2015.