# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC B. CLERK, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 401 SNLJ / DDN |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the petition of Missouri state prisoner Cedric B. Clerk, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended determinations on dispositive matters and for rulings on non-dispositive matters.

Petitioner's grounds for relief are based upon a new retroactive rule of constitutional law that was decided by the United States Supreme Court in *Miller v. Alabama* and *Montgomery v. Louisiana*: a mandatory sentence of life imprisonment without the possibility of parole violates the Eighth Amendment of the United States Constitution when the offender was a juvenile at the time of the offense. *See Montgomery v. Louisiana*, 136 S. Ct. 718 (2016); *Miller v. Alabama*, 132 S. Ct. 2455 (2012). The undersigned previously ordered briefing on the issue of whether Missouri's enactment of Senate Bill 590 ("SB 590"), which purported to implement *Miller/Montgomery*-compliant sentencing procedures into Missouri state law, had now mooted petitioner's habeas claim.

The undersigned has carefully considered the parties' briefs on this issue and reviewed the parties' prior briefs on the merits. For the following reasons, the undersigned recommends the Court deny the petitions for a writ of habeas corpus and

dismiss the case without prejudice to petitioner returning to this Court if he is denied relief in the Missouri courts.

## I. BACKGROUND

On October 15, 1999, petitioner was found guilty by a jury in the Circuit Court of the City of St. Louis of one count of murder in the first degree and one count of armed criminal action, crimes he committed when he was fifteen years old. On December 9, 1999, he was mandatorily sentenced to life imprisonment without the possibility of probation or parole. (Docs. 1-3).

Petitioner appealed the trial court's judgment. He argued "the trial court erred in allowing evidence of his certification hearing and evidence of his juvenile record [and] that the trial court erred in denying [post trial relief] because the evidence was insufficient as a matter of law to prove the deliberation element of first degree murder." *See State of Missouri v. Clerk*, 34 S.W.3d 242 (Mo. Ct. App. 2000) (on December 5, 2000, affirming the judgment without reported opinion).

On June 25, 2012, the Supreme Court of the United States held in *Miller v. Alabama* that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile violates the Eighth Amendment. 132 S. Ct. at 2460.

On June 14, 2013, petitioner filed a petition for a writ of habeas corpus with the Missouri Supreme Court, pursuant to Mo. S. Ct. R. 91 and Mo. Rev. Stat. §§ 532.010 *et seq.*, arguing that under *Miller* and Missouri law he is entitled to have his convictions vacated and to be resentenced under a charge of second-degree murder, because there is no longer any lawful sentence for a juvenile for a charge of first-degree murder in Missouri. (Doc. 4). In that petition, Clerk alleged the following grounds for relief:

> (1) "Missouri's Sentencing Scheme Is Unconstitutional under *Miller v. Alabama*," which is retroactively applicable to him (*id.* at 11). The habeas corpus relief he sought included a new sentencing hearing for the murder conviction under *Miller* "in which he can provide evidence of both the mitigating factors of youth and his background," (i*d.* at 23) (citing *Miller*, 132 S. Ct. at 2475), and resentencing on his armed criminal action conviction for the consideration of

mitigation evidence, because of this conviction's legal relationship to the murder conviction. (*Id.* at 24).

(2) Petitioner's convictions should be vacated because of his post-sentencing mental impairment diagnoses and he should be retried with the ability to raise his mental condition in defense. (*Id.* at 26).

(3) Petitioner is entitled to transfer to a mental health facility under the U. S. Constitution's Eighth Amendment prohibition of cruel and unusual punishment, and under Article I, § 21 of the Missouri Constitution. (*Id.* at 35).

On January 27, 2016, the Supreme Court of the United States decided *Montgomery v. Louisiana*, holding that the principle articulated in *Miller v. Alabama* is to be applied retroactively. *Montgomery*, 136 S. Ct. 718, 736 (2016).

On March 15, 2016, without any response from the state or additional briefing, the Missouri Supreme Court sustained petitioner's state habeas petition in part, ordering him to be eligible for parole after serving 25 years' imprisonment. (Docs. 1-5.)

On March 24, 2016, petitioner filed his original federal habeas corpus petition in this Court under 28 U.S.C. § 2254 in order to preserve his access to habeas relief in this Court. (Doc. 4).

On March 30, 2016, petitioner filed a motion for rehearing with the Supreme Court of Missouri under Missouri Supreme Court Rule 84.17.

On June 21, 2016, petitioner filed a motion to stay these federal habeas corpus proceedings, pending the outcome of his motion for reconsideration before the Missouri Supreme Court.

On July 1, 2016, a response to the federal habeas petition was filed, arguing that the federal petition for a writ of habeas corpus should be denied. (Doc. 5).

On July 13, 2016, Missouri Senate Bill 590 was signed into law repealing and replacing Missouri Revised Statutes 565.020, 565.030, 565.032, and 565.040 with 558.047, 565.020, 565.030, 565.032, 565.034, and 565.040.  S.B. 590, 98th Gen. Assemb., Reg. Sess. (Mo. 2016).

On July 19, 2016, the Missouri Supreme Court issued a summary order vacating its previous March 15, 2016 order and denying as moot petitioner's pending motion for rehearing and any other pending motion, regarding the March 15 order, citing the recently enacted Missouri Senate Bill 590.  (Doc. 14-1).

On July 22, 2016, this Court denied petitioner's motion to stay as moot and ordered the parties to brief the issue of S.B. 590's effect on petitioner's case.  (Doc. 8). Petitioner's and respondent's briefs on this issue were filed September 16, 2016.  (Docs. 14, 15).

On September 19, 2016, petitioner also filed, with leave of the Court, an amended federal habeas petition.  (Doc. 17).

On November 1, 2016, petitioner filed a petition for a writ of *certiorari* to the United States Supreme Court.  (Doc. 19).  That petition was denied on January 9, 2017. *See* No. 16-6442*, Cedric B. Clerk, Jr., Petitioner v. Jay Cassady, Warden*.

On February 18, 2019, respondent filed a response to petitioner's amended petition.  (Doc. 22).

## II.  PETITIONER'S FEDERAL HABEAS GROUNDS

In his amended federal habeas corpus petition, filed on September 19, 2016, petitioner alleges:

**First Ground for Relief:**  The Missouri Supreme Court's July 2016 Order misapplied *Miller* and its progeny, *Montgomery* and *Adams,* by upholding an unconstitutional sentence under which Petitioner remains in the Respondent's custody and tacitly upholding an unconstitutional act of the Missouri Legislature (i.e. SB 590) which purports to conform Petitioner's sentence to *Miller.*  (Doc. 17 at 6).

**Second Ground for Relief:**  The statutes cited by the Missouri Supreme Court (SB 590) as providing Petitioner *Miller* relief is unconstitutional on its face as an ex post facto law.  (*Id.* at 17).

**Third Ground for Relief:**  Petitioner has been denied his constitutional right under the Eighth and Fourteenth Amendments to a meaningful

sentence under the factors set forth in *Miller* and the purported fix in SB 590 violates Petitioner's due process and equal protection rights.  (*Id.* at 22).

**Fourth Ground for Relief:**  The statutes cited by the Missouri Supreme Court (SB 590) as providing Petitioner *Miller* relief is unconstitutional on its face as a Bill of Attainder.  (*Id.* at 25).

**Fifth Ground for Relief:**  Petitioner has been denied the right to counsel under the Sixth Amendment.  (*Id.* at 28).

## III. ANALYSIS

The effect of S. B. 590 on petitioner's federal habeas grounds needs fuller analysis at the state court level than has been expended so far.  Missouri Senate Bill 590 repeals and replaces several provisions of Missouri law relating to the sentencing of first degree murder, including the sentencing options for juveniles convicted of first degree murder.  It provides:

> (1)   Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047.1(1) (2016).

This legislative provision was effective immediately upon its passage and approval by the Governor of Missouri.

> Because of the need to adopt a punishment scheme for first degree murders of a certain age after the United States Supreme Court declared as unconstitutional the only punishment available under Missouri law for such offenders, the repeal and reenactment of section 565.020 and the enactment of sections 558.047 . . . is deemed necessary for the immediate preservation of the public health, welfare, peace and safety, and is hereby declared to be an emergency act within the meaning of the constitution . . . shall be in full force and effect upon its passage and approval.

S.B. 590, 98th Gen. Assemb., Reg. Sess. (Mo. 2016).  In his federal petition petitioner also argues that *Miller* and *Montgomery* require that he be resentenced by a court at an individualized hearing that gives due consideration to his youth.[1]  (Doc. 17).

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A).  A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

As stated above, petitioner directly appealed his conviction and judgment to the Missouri Court of Appeals, which affirmed.  However, none of the grounds alleged in petitioner's amended federal habeas petition were raised in that appeal, which was decided on December 5, 2000.  Thereafter, he did not seek relief in the circuit court by post-conviction relief motion under Missouri Supreme Court Rule 29.15.  Time for filing a Rule 29.15 motion ended 90 days after the filing of the appellate court's mandate affirming his conviction.  *See* Mo. S. Ct. R. 29.15(b).

However, petitioner has available to him the same Missouri habeas corpus procedure he invoked before Missouri Supreme Court in June 2013.  While the grounds alleged in that proceeding are reflected to some extent in the pending federal habeas grounds, the Missouri Supreme Court's subsequent order vacating its ruling on that habeas petition substantially eliminated its consideration of those grounds for relief as a basis for his state incarceration.

The conclusion is clear that the grounds alleged in petitioner's amended federal habeas petition have not been ruled by the Missouri courts, such that he has exhausted his remedies regarding them.  *See Davis v. Griffith*, 2017 WL 55118022, at *3 (E. D. Mo. Nov. 17, 2017).  Further, petitioner may still pursue relief on his federal grounds in the

---

[1] Because the undersigned ultimately concludes that petitioner has not exhausted his state remedies following passage of S.B. 590, it does not discuss petitioner's arguments that the law is *ex post facto* or an unconstitutional bill of attainder. (Doc. 17 at 17, 25; Doc. 22).

-6-

Missouri state courts under Rule 91.  *Id.*  This is clearly demonstrated by the habeas corpus proceedings pursued on similar grounds before the Missouri Court of Appeals in *Edwards v. Steele*, 2017 WL 5145805 (Mo. Ct. App. 2017) (granting individualized resentencing hearing on habeas claim that mandatory juvenile sentence of life without parole for 50 years violated *Miller* and *Montgomery*).

Sending petitioner Clerk back to state court would not be "a hollow exercise in etiquette by which federal courts may refuse relief to habeas petitioners." (Doc. 18 at 11). It would be a real, meaningful opportunity for state judges in his case to opine upon S.B. 590's compliance, or lack thereof, with *Miller* and *Montgomery*.

Petitioner argues that his federal habeas grounds may pass beyond the one-year statutory limitations period before he can complete another round of state-court review. (Doc. 4).  However, the AEDPA time limitation may be equitably tolled where a petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation omitted); *see also Rues v. Denney*, 643 F.3d 618 (8th Cir. 2011) (distinguishing an attorney's miscalculation of filing deadline as "garden-variety" neglect not warranting application of equitable tolling).

The record establishes that petitioner Clerk has made diligent efforts to pursue his rights.  Moreover, the chain of events following *Montgomery*, including the Missouri Supreme Court's interim rulings and the passage of S.B. 590, were unforeseeable and "extraordinary circumstance[s]" within the meaning contemplated in *Holland v. Florida*.

On these facts and the current record, it would be appropriate to allow petitioner to return to this Court if his federal grounds are unsuccessful in the Missouri courts.

Because petitioner's present petition alleges unexhausted grounds for relief, the appropriate option for this Court is to dismiss this case without prejudice, so that he can pursue his federal grounds in the state courts. *See Rose v. Lundy*, 455 U.S. 509 (1982); *cf. Rhines v. Weber*, 544 U.S. 269, 278 (2005) (staying a habeas case while state court remedies are pursued is not appropriate unless the case contains both exhausted and

unexhausted federal grounds for relief); s*ee Davis v. Griffith*, 2017 WL 55118022, at *4. Such is not this case.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY RECOMMENDED** that the original and amended petitions for a writ of habeas corpus be denied for failure to exhaust an available state court remedy and that this case be dismissed without prejudice to petitioner returning to this Court after pursuing relief in the Missouri courts.

The parties have until March 25, 2019, to file written objections to this Report and Recommendation.  Failure to file a timely objection may waive the right to appeal issues of fact.

      /S/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 15, 2019.